PER CURIAM.
We affirm appellant’s convictions for sexual battery, lewd assault, lewd acts, and being a principal in sexual batteries. In particular, and without detailing the evidence adduced at trial, we find that the record contains substantial competent evidence to support the convictions. We briefly mention our conclusions as to the issue concerning the cumulative hearsay statements.
The two young male victims testified at length as to the acts forming the basis for the convictions. A doctor specializing in emergency medicine and pediatrics also testified at length as to what the two boys told him when he first saw them. Two investigating sheriffs deputies then testified; one in great detail as to what the boys had told them, the other as to the admission of tape recordings of the interviews of the boys. Two employees of the county sexual assault treatment agency testified in some detail as to what the boys had told them in their treatment sessions.
The defense objected to all of this testimony on the basis that it was cumulative and prejudicial. While it is true that defense counsel phrased his objection in somewhat general terms, the thrust of the .objection was very clear. We have no doubt from our review of the record that the trial judge understood both the nature of the objection and the basis for it. He considered the issue at length and took the time to state in some detail why he found the testimony not unreasonably cumulative, and why its probative value outweighed any prejudice. Among other things, he pointed to some discrepancies in the victims’ pretrial depositions and their in-court testimony.
Although we regard the question of prejudice and eumulativeness as very close, we cannot say that under the facts of this case the judge abused his discretion. Moreover, we do not believe that it would enhance the jurisprudence of this state to detail all of the facts that informed the exercise of discretion. It is sufficient to say that it was not abused.
AFFIRMED.
ANSTEAD, POLEN and FARMER, JJ., concur.